IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDITH SANDRA FLORES, #04275-509, | § | |
| MOVANT, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:23-CV-352-L-BK |
| | § | (CRIMINAL CASE NO. 3:20-CR-415-L-1) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant Judith Sandra Flores' *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. For the reasons that follow, the motion should be **DENIED**.

**I. BACKGROUND**

In 2020, Flores was charged by superseding indictment with conspiracy to possess with intent to distribute a controlled substance, possession with intent to distribute a controlled substance, and possession of a firearm in furtherance of a drug-trafficking crime. Crim. Doc. 26 at 1-3.[1] In 2021, she pled guilty to possession with intent to distribute a controlled substance, in exchange for the dismissal of the conspiracy and firearm counts. Crim. Doc. 65 (*Plea Agreement*). Flores was subsequently sentenced to 360 months' imprisonment. Crim. Doc. 147

---

[1] All "Crim. Doc." Citations refer to the related criminal case, *United States v. Flores*, No. 3:20-CR-00415-L-1 (N.D. Tex. April 28, 2022).

at 2. Her subsequent direct appeal was dismissed as frivolous. *United States v. Flores*, No. 22-10446, 2022 WL 16920179, at *1 (5th Cir. Nov. 14, 2022).

On February 14, 2023, Flores timely filed this § 2255 motion, in which she challenges her sentence, alleging that the Court miscalculated the drug quantity attributable to her. She also asserts ineffective assistance of counsel, averring that her attorney promised she would receive a sentence of no more than ten years for signing the plea agreement. Doc. 1 at 4-5. The Government opposes § 2255 relief. Doc. 5. To date, Flores has not filed a reply.

Upon review, the Court concludes that (1) Flores' sentencing claim is vague and, in any event, is waived, procedurally barred, and not cognizable, and (2) Flores makes no showing of deficient performance or prejudice on the part of her attorney. Her § 2255 motion should therefore be denied.

**II. ANALYSIS**

   **A. Sentencing Claim**

Flores' sentencing claim is fatally vague and conclusory. She asserts that "[t]he weight of drug was miscalculated, which effected [sic] [the] calculation of sentencing guideline points." Doc. 1 at 4. However, this claim is devoid of factual enhancement as Flores fails to explain how the drug weight was incorrect or provide any legal theories to support her claim.

Because Flores is *pro se*, her filing must be liberally construed. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("We construe pro se § 2255 petitions liberally."). But the Court is not required to guess or create arguments for the litigant under these relaxed standards, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.*; *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical

issue in his *pro se* petition. . . to be of probative evidentiary value."). Without a specific allegation explaining how the drug weight was miscalculated, Flores fails to raise an issue of constitutional import. On this ground alone, Flores' claim should be denied. However, even if Flores' claim were properly supported, it is waived by her guilty plea, procedurally barred, and not cognizable.

Flores' Plea Agreement includes a waiver of appeal and other challenges. It explicitly reserves the right:

> (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of Defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

Crim. Doc. 65 at 6. Flores' claim that the drug weight was improperly calculated falls outside of these exceptions, however.

Additionally, Flores' claim is procedurally barred absent a showing of both (1) cause excusing her procedural default and (2) actual prejudice resulting from the error. *United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). An exception to the cause and prejudice requirement is reserved for the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). Here, Flores has failed to allege anything that would meet either the cause and prejudice or the actual innocence requirements.

Lastly, since Flores only challenges the application of the Sentencing Guidelines, her claim is also not cognizable under the limited scope of § 2255 because such guidelines claims are not of constitutional dimension and could have been raised on direct appeal. *See United States v.*

*Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) ("Misapplications of the Sentencing Guidelines . . . are not cognizable in § 2255 motions.").

### B. Ineffective Assistance Claim

Apparently dissatisfied with her sentence, Flores also argues that her defense counsel rendered ineffective assistance. Doc. 1 at 5. In support, Flores alleges, *in toto*: "Attorney told me because it is my first offense and I have no criminal background, I would serve less than 10 years if I signed the plea agreement." Doc. 1 at 5. However, she presents no supporting facts, and her claim fails because Flores cannot show deficient performance or prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984) (explaining the deficient performance and prejudice standard).

As to the issue of deficient performance, Flores' assertion that she relied on erroneous advice from counsel is contradicted by her sworn statements at rearraignment and in her Plea Agreement. At rearraignment, Flores stated that she understood she was not depending or relying on "any statement or promise that anyone may have made to [her] about some exact sentence" because only the Court could determine the guideline range after considering the Presentence Report and any objections. Crim. Doc. 158 at 8-10. Additionally, Flores confirmed under oath her understanding that by pleading guilty, she would be subject to a maximum sentence of imprisonment of 40 years. Crim. Doc. 158 at 17. By her written Plea Agreement – which she likewise confirmed under oath that she signed only after reading it carefully and discussing it with her attorney – Flores confirmed her understanding that (1) the Court would determine the sentence after considering the Sentencing Guidelines; (2) "no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case," including her

counsel; and (3) the Court has the discretion to impose the statutory maximum. Crim. Doc. 65 at 3.

Ordinarily, a defendant "will not be heard to refute her testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Fuller,* 769 F.2d 1095, 1099 (5th Cir. 1985)). And where, as here, the defendant seeks habeas relief on the basis of counsel's promise of a lesser sentence, the Court of Appeals for the Fifth Circuit has required independent evidence establishing: (1) the precise terms of the alleged promise; (2) exactly when, where, and the identity of the person who made the promise; and (3) "the precise identity of an eyewitness to the promise." *Id.* Such evidence is "typically in the form of one or more affidavits from reliable third parties[.]" *Id.* As noted earlier, Flores' bare, self-serving allegations are devoid of independent evidence.

Further, Flores has failed to demonstrate prejudice. In the context of a guilty plea, the movant must demonstrate that "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The movant bears the burden of proving that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Flores does not allege she would not have entered a guilty plea and proceeded to trail but for her attorney's alleged promise of a lesser sentence. Doc. 1 at 5. Notably, Flores benefited greatly from the plea agreement, which limiting her sentencing exposure to 40 years. Crim. Doc. 91-1 at 21, Presentence Report ¶¶ 88-89. Under these circumstances, Flores fails to establish prejudice. Consequently, her ineffective-assistance claim fails.

### III. CONCLUSION

For the foregoing reasons, Flores' § 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE.**

**SO RECOMMENDED** on August 14, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).