IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **JUDITH SANDRA FLORES,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-352-L-BK** |
| § | Criminal No. 3:20-CR-415-L-1 |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

## ORDER

On August 14, 2023, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 6) was entered, recommending that the court deny with prejudice Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 2) and dismiss her habeas claims based on alleged sentencing errors and ineffective assistance of counsel.

Specifically, the Report determined that Petitioner's sentencing claim regarding an allegedly incorrect drug weight and related guidelines miscalculation fails because: (1) she does not explain how the drug weight was miscalculated; (2) the claim was waived by her guilty plea, is procedurally barred, and is not cognizable under § 2255; and (3) she does not allege any facts that would satisfy the actual innocence requirements.

In addition, the Report determined that Petitioner's ineffective assistance of counsel claim—based on her dissatisfaction with her sentence and her counsel's advice that "because it is my first offense and I have no criminal background, I would serve less than 10 years if I signed the plea agreement"—also fails because the record shows that she understood the consequences of her guilty plea, she testified under oath that she was not relying on any statement or promise by

**Order – Page 1**

anyone about an exact sentence, and she has not come forward with independent evidence regarding any promise allegedly made to her regarding a lesser sentence as required by Fifth Circuit authority. As a result, the Report concludes that she has not established that her counsel's performance was deficient or that she was prejudiced, as necessary to succeed on an ineffective assistance of counsel claim.

Having considered Petitioner's habeas corpus petition, the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Petitioner's habeas petition (Doc. 1); and **dismisses with prejudice** this action and all claims asserted by Petitioner.

Further, considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.* The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In support of this determination, the court **accepts** and **incorporates by reference** the Report filed

---

* Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

> (a)   Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
>
> (b)   Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

in this case. In the event that a notice of appeal is filed, Petitioner must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

    **It is so ordered** this 23rd day of October, 2023.

                                          Sam A. Lindsay
                                          United States District Judge